FILED

MAY 0 9 2011

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

WILLIAM PHILLIP McMUNN,           )
                                  )    Civil No. 09-594-PK
          Petitioner,             )
                                  )
     v.                           )
                                  )    FINDINGS AND RECOMMENDATION
MARK NOOTH, Superintendent,       )
Snake River Correctional          )
Institution,                      )
                                  )
          Respondent.             )

     Nell Brown
     Office of the Federal Public Defender
     101 S.W. Main Street, Suite 1700
     Portland, Oregon  97204

          Attorney for Petitioner

     John R. Kroger
     Attorney General
     Kristen E. Boyd
     Assistant Attorney General
     Department of Justice
     1162 Court Street NE
     Salem, Oregon 97301

          Attorneys for Respondent

     1 - FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge.

Petitioner William Phillip McMunn brings this habeas corpus action pursuant to 28 U.S.C. § 2254 and challenges his conviction for manslaughter. For the reasons set forth below, the Amended Petition for Writ of Habeas Corpus (#14) should be denied, and Judgment should be entered dismissing this action with prejudice.

## BACKGROUND

Briefly, On April 26, 2005, McMunn, who was seventy-six years old at the time, shot and killed his friend James Teeter, a man in his forties, in McMunn's trailer following an argument and physical confrontation. According to McMunn, on the day of the shooting he and Teeter ran errands, drank beer together for several hours, and went hunting. Teeter became angry when McMunn's dog chewed on the organs of the antelope Teeter shot and threatened to kill both the dog and McMunn. After they returned to McMunn's home, McMunn asked Teeter to leave. McMunn grabbed a stick. Teeter refused to leave, took the stick away and "muscled" McMunn around. McMunn eventually retrieved a pistol from a kitchen drawer and shot Teeter who died from a gunshot wound to the head.

On May 11, 2005, the Grant County District Attorney returned a First Amended Information charging McMunn with one count of Manslaughter in the First Degree and one count of Manslaughter in the Second Degree. Respondent's Exhibit 102. Pursuant to a plea agreement, McMunn entered a plea of guilty to one count of

Manslaughter in the Second Degree and the court imposed the
mandatory 75-month minimum sentence. Respondent's Exhibits 103-
105.

McMunn directly appealed his conviction and sentence, but the
Oregon Court of Appeals affirmed the trial court without a written
opinion and the Oregon Supreme Court denied review. State v.
McMunn, 210 Or. App. 532, 152 P.3d 287 (2007), rev. denied 342 Or.
633, 157 P.3d 788 (2007); Respondent's Exhibits 106-110.

McMunn next filed for post-conviction relief ("PCR") in state
court. The PCR trial court denied relief. McMunn v. Hill, Malheur
County Circuit Court Case No. 07065886P; Respondent's Exhibit 131.
On appeal, the Oregon Court of Appeals affirmed the PCR trial
court, and the Oregon Supreme Court denied review. McMunn v. Hill,
A138756, rev. denied S056988; Respondent's Exhibits 132-139.

On May 29, 2009, McMunn filed this action. His grounds for
relief as set forth in his Amended Petition are as follows:

1.    Ground One:   Petitioner was denied the effective
      assistance of trial counsel as guaranteed by the Sixth
      Amendment to the United States Constitution.

      Supporting Facts:   Trial counsel provided ineffective
      assistance when he failed to:  object or demur to the
      indictment; conduct a proper pre-trial investigation to
      adequately ascertain the facts and circumstances of
      Petitioner's case; investigate and interview witnesses
      brought to his attention by Petitioner; investigate
      Petitioner's mental health, including the possibility of
      a diagnosis of paranoid schizophrenia, and possible
      defenses, prior to advising Petitioner to plead guilty;
      explain to Petitioner the implications of his conflict of
      interest, which therefore resulted in Petitioner signing
      a waiver; explain to Petitioner that he may have had more

3 - FINDINGS AND RECOMMENDATION

conflicts of interest than the one disclosed to Petitioner; ensure that Petitioner was able to read all materials presented to him as Petitioner did not have his prescription eye glasses with him; and investigate the alleged victim. These failures individually and cumulatively prejudiced Petitioner.

2.    Ground Two: Petitioner was denied the effective assistance of appellate counsel as guaranteed by the Sixth Amendment to the United States Constitution.

Supporting Facts: Appellate counsel provided ineffective assistance when he failed: to search the trial court record for and brief a colorable claim. Appellate counsel filed a *Balfour* brief.

3.    Ground Three: Petitioner was denied due process of law and his rights guaranteed by the Sixth, Eighth and Fourteenth Amendment to the United States Constitution.

Supporting Facts: Petitioner's constitutional rights were violated to the extent that the trial court imposed a substantial sum of restitution as a condition of probation. Trial counsel did not object to the imposition of restitution. No finding was made regarding Petitioner's ability to pay. McMunn is now an incarcerated senior citizen. He received supplemental security income from the State for many decades prior to his incarceration. The trial court lacked authority to impose restitution as a condition of post-prison supervision.

Respondent asks the court to deny relief on the Petition because: (1) the ineffective assistance of trial counsel claims (with the exception of the claim that counsel failed to fully investigate McMunn's mental health), and the ineffective assistance of appellate counsel claim are procedurally defaulted, and the default is not excused; (2) the claim involving restitution is not cognizable in federal habeas, and, in any event, is procedurally defaulted, and the default is not excused; and (3) the ineffective

4 - FINDINGS AND RECOMMENDATION

assistance of trial counsel claim alleging counsel failed to fully investigate McMunn's mental health was correctly denied on the merits in a state-court decision entitled to deference.

<u>DISCUSSION</u>

I.   <u>Unargued Claims</u>

Notwithstanding the fact that respondent briefed all the claims set forth in the Amended Petition, McMunn, with the exception of the ineffective assistance of trial counsel claim in Ground One alleging counsel failed to investigate his mental health, does not provide argument to support the merits of the claims set forth in his Amended Petition.  Rather, with regard to Ground Three, he "incorporates the arguments made in his petition, amended petition, and on direct appeal in state court, Resp. Exs. 106, 107, and preserves the issue for review."  Memorandum in Support (#34), pp. 17-18.

On federal habeas review, McMunn must show that the state court determination denying his claims was contrary to or involved an unreasonable application of established Supreme Court precedent. 28 U.S.C. § 2254(d).  The court's review of the record reveals that with the exception of the aforementioned ineffective assistance claim alleging counsel failed to investigate his mental health, the federal claims set forth in his amended petition were never presented to the Oregon courts in a procedural context in which their merit would be considered, and thus, they are procedurally

defaulted.[1]   Accordingly, by not advancing these claims in his supporting memorandum, McMunn has failed to meet the burden of proof for habeas relief under § 2254(d) and relief on these claims must be denied.

## II.   Merits

### A.   Standard of Review

An application for writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was:  (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct and the petitioner bears the burden of rebutting the presumption of

---

[1] Notably, in his notice of appeal from the judgment entered in Grant County Circuit Court, McMunn alleged that "[t]he sentencing court erred by ordering defendant to pay restitution in violation of defendant's federal constitutional rights." Respondent's Exhibit 115. However, the court's review of McMunn's Balfour brief reveals that the restitution claim presented to the Oregon Court of Appeals was based solely on state law. Specifically, McMunn relied on State v. Carr, 116 Or App 60 (1992) and State v. Gaine, 103 Or App 646 (1990) to argue that the trial court erred when it imposed restitution as a condition of his post-prison supervision. Respondent's Exhibit 106, Balfour brief, p. 1. Moreover, the State responded only on state law grounds.  There is no mention of federal law or federal constitutional rights in either party's appellate brief and the court is satisfied that no federal question related to restitution was ever fairly presented to the Oregon courts.

correctness by clear and convincing evidence.    28 U.S.C. §
2254(e)(1).

A state court decision is "contrary to . . . clearly
established precedent if the state court applies a rule that
contradicts the governing law set forth in [the Supreme Court's]
cases" or "if the state court confronts a set of facts that are
materially indistinguishable from a decision of [the Supreme] Court
and nevertheless arrives at a result different from [that]
precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000).
Under the "unreasonable application" clause, a federal habeas court
may grant relief "if the state court identifies the correct legal
principle from [the Supreme Court's] decisions, but unreasonably
applies that principle to the facts of the prisoner's case."
Id. at 413.    The "unreasonable application" clause requires the
state court decision to be more than incorrect or erroneous.
Id. at 410.    The state court's application of clearly established
law must be objectively unreasonable.    Id. at 409.

B.    **Analysis**

**Ineffective Assistance where Counsel Failed to Adequately
Investigate McMunn's Mental Health Prior to Advising Him to
Plead Guilty**

The Supreme Court has established a two-part test to determine
whether a petitioner has received ineffective assistance of
counsel.    First, the petitioner must show that his lawyer's
performance fell below an objective standard of reasonableness.

7 - FINDINGS AND RECOMMENDATION

Strickland v. Washington, 466 U.S. 668, 686-687 (1984).  Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance."  Id at 689.

Second, the petitioner must show that his lawyer's performance prejudiced the defense.  The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial.  Id at 696.

In Hill v. Lockhart, the Supreme Court adapted the two-part Strickland standard to guilty pleas based on ineffective assistance of counsel, holding that a defendant seeking to challenge the validity of his guilty plea on the ground of ineffective assistance of counsel must show that (1) his "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  474 U.S. 52, 57-59 (1985).

As a preliminary matter, McMunn seeks to introduce several exhibits (Exhibits A-D) in support of the subject ineffective assistance claim.  He asserts that the court should permit expansion of the record to allow these exhibits pursuant to Rule 7 of the Rules Governing Section 2254 Cases and 28 U.S.C.

8 - FINDINGS AND RECOMMENDATION

§ 2254(e)(2).    Sur-Reply (#43), p. 5 (citing Cooper-Smith v. Palmateer, 397 F.3d 1236 (9th Cir. 2005)).    The Supreme Court, however, recently held that "evidence introduced in federal court has no bearing on §2254(d)(1) review" and that "[i]f a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) **on the record that was before that state court**." Cullen v. Pinholster, 563 U.S. ___, 131 S.Ct. 1388, ___ L.Ed.2d ___, 2011 WL 1225705, at *12 (U.S. Apr. 4, 2011)(emphasis added).    Accordingly, given that this claim was adjudicated on the merits during McMunn's state PCR proceedings, §2254(d)(1) applies and the court cannot consider McMunn's proffered exhibits as they were never before the PCR court.[2]

Reviewing the record before the PCR court, the court notes that during McMunn's PCR hearing following summations by the parties, that court stated:

> Thank you.    As I indicated, I have read all of this material.    I'm denying post-conviction relief.    I'm making findings that the attorney did have a mental health evaluation.    There was no aid and assist or guilty except for insanity defense that was viable.
>
> There was an investigation.    The attorney had discovery. It was a negotiated plea with a mandatory sentence. There were serious risks for Mr. McMunn at trial.    Self-defense is a difficult defense at best.    Based on the facts of this shooting as well as the alcohol involved,

---

[2] For the same reasons, petitioner's alternative request for an evidentiary hearing (see Memorandum in Support (#34), p. 20) is denied.

9 - FINDINGS AND RECOMMENDATION

it would've gone a real risk, and (INAUDIBLE) THE chance
of being re-indicted on the homicide case.  So I think
the attorney did a good job with the negotiations.

There is no evidence that the conflict of interest in any
way influenced this case, and I find that the plea was
knowing and voluntary based on all the information that's
been presented.

Respondent's Exhibit 130, p. 6.[3]

Importantly too, counsel was aware McMunn had mental health

issues and that he had been hospitalized in the 60's with an

apparent paranoid schizophrenia diagnosis.    In an affidavit

presented during the PCR proceedings, counsel averred as follows:

[a]lthough Mr. McMunn was somewhat difficult to deal
with, and a chronic alcoholic, I did not believe that
there were mental health issues that would give rise to
a valid insanity defense or diminished capacity defense.
Certainly in all my dealings with him, he appeared
rational and knew what he was doing.  On the other hand,
because     he     had     previously     been     hospitalized,
approximately 1968, with some diagnosis of paranoid
schizophrenia, as part of the pre-sentence investigation,
I arranged for him to obtain a mental health assessment
at the Grant County Center for Human Development.    I
spoke to Maxine Day, the mental health professional who
performed the assessment. Her opinion was that although
Mr. McMunn probably did suffer from a mental illness, he
did have the capacity to appreciate the criminality of
the   conduct   and   to   conform   his   conduct   to   the
requirements of the law.    There was no basis for the

_____

[3] Similarly, in a General Judgment denying relief on McMunn's
Amended PCR Petition, the PCR trial court made the following
findings and conclusions: "Att had mental health eval that said no
aid [ ] assist problems and no 6E1 defense.    Att conducted
investigation and had all discovery.  Negotiated plea - mandatory
sentence.  Serious risks at trial of more serious sentence.  Self
defense was risky due to fact of two shots.  No evidence that
conflict of interest in any way influenced case.  Plea knowing and
voluntary."  Respondent's Exhibit 131.

10 - FINDINGS AND RECOMMENDATION

Guilty Except for Insanity or diminished capacity defense.

Respondent's Exhibit 126, p. 2.

Moreover, in her assessment of McMunn, Ms. Day opined that "[McMunn]'s psychiatric condition is stable and needs to be assessed due to him saying he is a paranoid schizophrenic that is not being currently treated for his mental health issues. He has a chronic alcoholic history as well as being assaultive when he has been drinking." Ultimately she concluded that:

> [McMunn] is a chronic alcoholic along with a possible mental illness of being a paranoid schizophrenic. [McMunn] is hearing voices and does not seem to be a threat to others unless he is drinking. [McMunn] also had a legal history of being assaultive. [McMunn] does not think his drinking is problem and does not appear to be concerned about hearing voices and being paranoid about people listening to him. [McMunn] has been charged with killing a man that he does not have any remorse for doing so nor does he take responsibility for. [McMunn] needs treatment for his alcoholism and for his mental health needs.

Respondent's Exhibit 122, p. 3.

McMunn insists counsel's failure to obtain copies of his mental health records and to have him evaluated by an expert **prior** to advising him to plead guilty constituted ineffective assistance. In addition, he argues counsel's affidavit lacks credibility because Day states in her report that a probation officer, not counsel, requested the assessment and because she made no mention in her report of whether McMunn could appreciate the criminality of his conduct or whether he could conform his conduct to the

requirements of the law--nor would there have been reason for her
to do so given the presentence posture of the case.

The court agrees that to the extent counsel, as he seems to
indicate in his PCR affidavit, had concerns about whether McMunn
had a valid capacity defense, his decision to have McMunn evaluated
after he had advised him to plead guilty may well qualify as
representation that falls below an objective standard of
reasonableness.  Obviously the appropriate time for counsel to have
his or her client evaluated for competency or to determine whether
the client has a viable capacity defense is before counsel advises
the client to plead guilty.  Nevertheless, even assuming McMunn
satisfies this first prong of Strickland, he cannot demonstrate
that there is a reasonable probability that but for counsel's
errors he would have insisted on going to trial.  McMunn presented
no evidence during his PCR proceedings that counsel would have
advised McMunn differently had he obtained McMunn's mental health
records and had him examined by an expert prior to advising how to
plead.  To the contrary, the only expert assessment before the PCR
court confirmed counsel's belief that no viable capacity defense
existed.

McMunn further argues that no deference is due the PCR court's
decision denying relief on this claim because that court "ignore[d]
the fact that counsel did not request a mental health assessment
until after Mr. McMunn pled guilty."  In addition, McMunn argues
that the PCR court's conclusion that there was no available

12 - FINDINGS AND RECOMMENDATION

challenge to his competency or a valid capacity defense cannot be based on either Day's assessment or counsel's assumptions because: Day's written assessment does not contain the referenced conclusions; counsel did not have his client examined for that purpose; and counsel did not provide Day with background information sufficient for her to form a reliable opinion.

While the court acknowledges McMunn's arguments, it finds they fall short of demonstrating that the PCR court's denial of his claim was based on an unreasonable determination of the facts in light of the evidence before it. First, the PCR court made no reference to when counsel had the assessment done, only that one was ordered. Second, the fact that the referenced findings were not in Day's written assessment does not preclude the PCR court from accepting counsel's representation that he talked with Day and she advised him that in her opinion McMunn had the capacity to appreciate the criminality of his conduct and to conform his conduct to the requirements of the law. Ultimately, McMunn failed to present the PCR court with evidence establishing that there is a reasonable probability that had counsel investigated his mental health more thoroughly a viable capacity defense would have been discovered, counsel presumably would have advised McMunn differently, and McMunn would have insisted on going to trial. Instead, as noted above, the only expert opinion before the PCR court persuaded that court that McMunn had no viable aid and assist or guilty except for insanity defense. Accordingly, based on the

13 - FINDINGS AND RECOMMENDATION

court's careful review of the record, particularly on the issue of prejudice, it finds that McMunn cannot demonstrate that the PCR court's denial of his Ground One ineffective assistance of counsel claim related to counsel's alleged failure to adequately investigate his mental illness prior to advising him to plead guilty, was either contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court or that it was based on an unreasonable determination of the facts in light of the evidence presented in State court proceedings.

### RECOMMENDATION

Based on the foregoing, the Amended Petition for Writ of Habeas Corpus (#14) should be DENIED, and judgment should enter DISMISSING this case with prejudice.

### SCHEDULING ORDER

The Findings and Recommendations will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

14 - FINDINGS AND RECOMMENDATION

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge.  These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

In addition, the district judge should certify that McMunn has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).  This case is not appropriate for appellate review.

DATED this 9th day of May, 2011.

Paul Papak
United States Magistrate Judge

15 - FINDINGS AND RECOMMENDATION